## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**JUAN FERNANDO LANZA-SANTOS,**                                      **PETITIONER**
**# A 244-100-986**

**VERSUS**                                      **CIVIL ACTION NO. 5:26cv325-DCB-RPM**

**WARDEN R. VERGARA, TODD M.**
**LYONS, and TODD BLANCHE**                                      **RESPONDENTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*.   *Pro se* Petitioner Juan Fernando Lanza-Santos initiated this habeas action on April 13, 2026.   At the time, he was an alien detainee in the custody of the Department of Homeland Security.

On April 15, 2026, the Court ordered Lanza-Santos to either pay the filing fee or apply for leave to proceed *in forma pauperis*, by May 15.   Having received no response, on May 29, the Court entered the Order to Show Cause [4], directing him to either pay the fee, apply for leave to proceed *in forma pauperis*, or show cause why the case should not be dismissed for failure to obey a Court Order [2].   The response was due June 12.   When Lanza-Santos still did not comply, the Court entered the Second Order to Show Cause [5], on June 26, giving him a final chance to comply.

All Orders [2, 4, 5] were sent to Lanza-Santos's address of record, and the first two were returned as undeliverable.   To date he has not responded, provided a change of address, or otherwise contacted the Court.   The Court has warned Lanza-Santos that failure to comply, or keep the Court apprised of his address, may lead to the dismissal of this case.   (2d Order to Show Cause at 1); (Order to Show Cause at 1); (Order at 1).   It is apparent from Lanza-Santos's

failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.   *Id.* at 629-30.   Respondents have never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to obey the Court's Orders.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 29 day of July, 2026.

/s/ David C. Bramlette_____
UNITED STATES DISTRICT JUDGE

2